■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. BERNARD UNDERWOOD, Respondent.— Order unanimously reversed, on the law and facts, and indictment reinstated. Memorandum: The defendant Bernard Underwood was charged with murder in connection with the death of one James McBride which occurred on May 9, 1971. In the People's direct case it was shown that the defendant admitted to his aunt that he had shot a man but that it was accidental. The physical facts belied the excuse of accident and there was, therefore, sufficient evidence to submit the charge to the jury. We have concluded that under these circumstances it was error to dismiss the indictment at the close of the People's case (CPL 290.10, subd. 1). Moreover, we note that upon an offer of proof the court excluded the testimony of a witness who allegedly was shot at by the defendant approximately one hour before McBride was killed. This evidence was excluded on two grounds: first, that a custodial identification of the defendant by the witness was an improperly suggestive one-on-one confrontation without adequate due process safeguards and, second, that the testimony itself was irrelevant since it was of events too remote in time. In our opinion the earlier shooting was not too remote in time and was admissible on the issue of whether the shooting in question was accidental (*People* v. *Molineux*, 168 N. Y. 264, 300; Richardson, Evidence, § 183). However, we agree with the trial court finding of impropriety in the station-house identification. Accordingly, any in-court identification of the defendant by the witness could be made only after a showing of an "independent source" for the identification (*Gilbert* v. *California*, 388 U. S. 263, 272; *People* v. *Brown*, 20 N Y 2d 238, 243–244). Since the record is not clear as to whether the court made the necessary finding of the absence or presence of an "independent source", there should be a further hearing for the limited purpose of making this determination. In the event of a new trial, it should be given a trial preference. (Appeal from order of Erie Supreme Court dismissing indictment charging defendant with murder.) Present — Del Vecchio, J. P., Moule, Cardamone, Simons and Henry, JJ.