Sebastian J. Bellomo, J.
The defendant, Clarence Davis, was indicted by a Niagara County G-rand Jury for criminal sale of a dangerous drug in the third degree in violation of former section 220.35 of the Penal Law, committed on or about the 17th of July, 1973. The defendant was arraigned on the 6th of August, 1973 and pleaded not guilty. Trial was held in County Court Part I, before the Honorable Charles Hannigan, Niagara County Judge, on the 4th of March, 1974. At that time, the District Attorney called the matter ready for trial and a complete jury was impaneled and sworn. On the 6th of March, 1974 the District Attorney requested a continuance of the trial until Wednesday, the 13th of March, 1974. The court granted said request. Again, on the 13th of March, 1974 the court granted a further continuance to the 18th of March, 1974. At all times, the defendant and his attorney were ready to proceed with the trial. On the 18th of March, 1974 the court convened; the defendant, the jury and all counsel were present; a request was made by the District Attorney for a mistrial due to the fact that the principal witness had had his life threatened and attempts had been made on his life; and that the witness, at that time, could not be located. Judge Charles Hannigan granted a mis *138 trial and the previously selected and sworn jury was discharged and dismissed.
The matter is now before this court on a motion of the defendant, Clarence Davis, to dismiss Indictment No. 4394-F pursuant to CPL 210.20 upon the ground that the prosecution is barred by reason of a prior prosecution and by the concept of double jeopardy as contained in the Fifth Amendment of the United States Constitution; section 6 of article I of the New York State Constitution, and CPL 40.20.
The facts of the present case are not in dispute. The sole question before this court is whether the continued prosecution of this indictment places the defendant in jeopardy.
Until adoption of CPL 40.30 (subd. 1, par. [b]) the traditional double jeopardy rule in New York State had been that “the jury has been examined and sworn, and evidence given ” (Matter of Bland v. Supreme Ct., County of N. Y., 20 N Y 2d 552, 554). The CPL purportedly modifies this position and shortens the point at which jeopardy attaches to the swearing of a witness. (See CPL 40.30, subd. 1, par. [b].)
Actually, in spite of CPL 40.30 (subd. 1, par. [b]) the present rule is now the Federal rule as enunciated in Downum v. United States (372 U. S. 734) which held that jeopardy attaches with the impaneling and swearing of the jury. Under the Federal rule, no witness need be called. The Downum double jeopardy rule has been grafted on the body of New York law by the thrust of Benton v. Maryland (395 U. S. 784) which made the Fifth Amendment directly applicable to the States.
The present ease is clearly within the standard set forth in Downum, v. United States (supra). Furthermore CPL 40.30 (subd. 1, par. [b]) on the 19th of March, 1974 was amended by the legislators (L. 1974, ch. 80) to comply with the rule of Downum. So, therefore, a person “is prosecuted” for an offense, within the meaning of CPL 40.30 when he is charged therewith by an accusatory instrument filed in a court of this State and when the action proceeds to the trial stage and a jury has been impaneled and sworn. (See CPL 40.30, subd. 1, par. [b], as amd. by L. 1974, ch. 80.)
It has been called to the attention of the court, the case of People v. Paquette (31 N Y 2d 379). The Court of Appeals held in that case, that a mistrial granted on application of the People after the jury had been sworn, but before any witnesses had been called, did not preclude a subsequent trial because of double jeopardy. The reason for the inability of the prosecution to produce witnesses could factually be attributed to the defendant *139 himself. In such a case, the defendant may not be heard to say that, by frustrating the trial, he has a constitutional protection against double jeopardy.
The court has reviewed the transcripts of the proceedings and the determination of Judge Hannigan on the granting of the motion for a mistrial on the 18th of March, 1974. The transcript is completely devoid of any proof that the defendant, Clarence Davis, did, in any way, threaten the life of the witness or cause the witness not to be located and/or be available for the trial. The facts of the instant case are clearly distinguishable from People v. Paquette (supra). The reasons for the inability of the District Attorney to proceed with the trial could not factually be attributable to the defendant himself. In fact, another person was indicted for the threats upon the principal witness in this case.
Therefore, the defendant’s motion for dismissal of the indictment is granted on the ground that further prosecution would place the defendant in jeopardy.