■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DONALD McCASKEY, Respondent.— Appeal by the People from an order of the Supreme Court, Suffolk County, dated October 25, 1972, which, upon reconsideration, adhered to a prior determination contained in an order dated September 7, 1972 granting a motion to suppress the use of a .38 caliber revolver in evidence. Order reversed, on the law and the facts, defendant's motion to suppress denied and order of September 7, 1972 vacated. Although the October 25 order purports to deny the People's request for reconsideration of the prior order, and, as such, would not be appealable, the record indicates that in fact the court did reconsider the prior order and adhered to the original determination. In this regard we note that in seeking reconsideration the People's supporting papers included a request for alternative relief which had not been advanced on the prior motion, viz., that a hearing be held. Also, it appears that on the renewed motion the court considered for the first time that defendant had initially been placed under arrest for alleged violation of section 270.00 of the Penal Law (unlawfully dealing with fireworks). It was that arrest which gave the right to further search the automobile. The revolver found during the course of the further search provided the basis for defendant's indictment under section 265.05 of the Penal Law, the section referred to by the court in its decision on the original motion. We conclude that the October 25 order is appealable and that the People's appeal therefrom is timely. The order should be reversed. The revolver was found in an arm rest in the front seat of defendant's automobile. Defendant had been arrested only moments before for alleged unlawful dealing with fireworks, a class B misdemeanor. He had been seen by a police officer apparently selling items from the open trunk of his automobile. Among the items in open view were a starter's pistol and blank cartridges. The immediate search of the automobile which produced the .38 caliber revolver was, in our opinion, a lawful incident of the arrest. Apropos, the Supreme Court of the United States, in *United States* v. *Robinson* (414 U. S. 218, 225), recently quoted with approval the following statement from *Agnello* v. *United States* (269 U. S. 20, 30): " The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime *and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody,* is not to be *doubted*" (emphasis added). Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.