THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICH-ARD GESEGNET, Respondent.

Fourth Department, April 17, 1975

*Edward C. Cosgrove, District Attorney (Judith Blake Man-zella* of counsel), for appellant.

*John W. Condon, Jr., (Joseph V. Sedita* of counsel), for respondent.

MOULE, J. The question presented in this appeal is whether CPL 450.20 (subd 2) which permits the People to appeal to an intermediate appellate court from a trial order of dismissal, violates defendant's right not to be tried twice for the same offense which would place him in double jeopardy contrary to the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant along with four others was charged in an Erie County Grand Jury indictment with having stolen, criminally possessed, and fraudulently registered two cars, one a 1967 Buick Electra and the other a 1968 Buick Riviera. Upon defendant's motion his case was severed from those of the other four persons and a jury trial was commenced in the Erie County Court. At the close of the People's proof, after 1,500 pages of testimony had been taken, the court entered a trial order dismissing all of the charges against defendant because the evidence failed to show knowledge on his part that either of the cars had been stolen and, further, because there was no evidence that he participated in their theft.

The People have appealed to this court under CPL 450.20 (subd 2) which provides that an appeal to an intermediate appellate court may be taken as of right from "a trial order of dismissal, entered pursuant to section 290.10 or 360.40". That provision was a part of the CPL which became effective in 1971 and had no counterpart in the former Code of Criminal Procedure (see Practice Commentary, McKinney's Cons. Laws of N. Y., Book 11A, § 450.20).

Defendant urges that to permit the People to appeal in such a situation would violate his constitutional protection against double jeopardy since, if successful, the People's appeal would result in a second trial requiring the swearing of a new jury and the presentation of new evidence. In the alternative, defendant contends that even if the double jeopardy issue were resolved against him, the application of CPL 450.20 (subd 2) in this instance would be ex post facto, since his arrest predated its enactment, and thus would violate his rights under section 10 of article I of the United States Constitution.

The effect of CPL 450.20 (subd 2) has twice been considered by appellate tribunals *(People v Sabella,* 35 NY2d 158; *People v Underwood,* 43 AD2d 800) but in neither instance was the constitutional question of double jeopardy squarely presented. In *People v Sabella (supra)* the court was confronted with two

cases involving appeals by the People from trial orders of dismissal under CPL 450.20 (subd 2). Each was a nonjury case. In one the court held that although the Trial Judge denominated his action as a trial order of dismissal, his decision was really rendered on the merits of the case, having necessarily involved a factual determination made after both sides had presented proof, and that therefore an appeal by the People under CPL 450.20 (subd 2) would not lie. In the other the court found that the order of dismissal was based purely on a question of law, that being the standard of proof required for corroborative evidence in a perjury prosecution, and that therefore the trial was aborted short of a decision on the merits, thus permitting an appeal by the People under the same statute. The court further reversed the Trial Judge's ruling on the law and sent the case back to be retried. In so doing it adverted to the double jeopardy question without really discussing it, by stating that in situations wherein the trial court reached the merits of a case, retrial "poses a threat to the defendant's right not to be placed twice in jeopardy for the same offense" *(People v Sabella,* 35 NY2d 158, 166, *supra).*

The United States Supreme Court, however, has recently decided two cases which raise serious questions as to *Sabella's* continued viability, even in its limited sense, and which likewise raise substantial doubt as to the constitutionality of CPL 450.20 (subd 2).

In *United States v Wilson* (420 US 332, decided Feb. 25, 1975), the Supreme Court held that an appeal by the Government from a trial court order dismissing the charge after a jury verdict of guilty had been returned would not have the effect of placing a defendant in double jeopardy. It further held that a reversal by an appellate court would merely require a reinstatement of the guilty verdict, not a completely new trial involving a new set of jurors and the representment of proof.

Mr. Justice MARSHALL, writing for the court in *Wilson,* traced the history of the constitutional protection against double jeopardy from its 17th century English origins through its adoption by our First Continental Congress to its modern-day status. In doing so he stated that the policy that has emerged from the double jeopardy provisions of the Fifth Amendment, made applicable to the States by the Fourteenth Amendment *(Benton v Maryland,* 395 US 784) has been to avoid multiple trials, thus protecting a defendant from allowing the Government to make repeated attempts to convict

him. The prohibition against multiple trials, Mr. Justice MAR-SHALL said, is "the controlling constitutional principle" *(United States v Wilson, supra,* p 346). Distinguishing between situations wherein Government appeals would require new trials and those where no new trial would result, he added (p 342), "The development of the Double Jeopardy Clause from its common-law origins thus suggests that it was directed at the threat of multiple prosecutions, not at Government appeals, *at least where those appeals would not require a new trial."* (Emphasis supplied.)

In *United States v Jenkins* (420 US 358, decided on the same day as *Wilson),* an order was entered in a bench trial dismissing an indictment solely on a question of law, after all the proof had been heard, but before a decision on the merits of the case was reached by the trial court. Although there was some doubt as to whether the Trial Judge, in dismissing, actually had reached the merits of the case, the court held that this was immaterial, and dismissed an appeal by the Government on the grounds that regardless of whether the trial court's decision was rendered on the merits or otherwise, a reversal on appeal would necessarily require a second trial and thus place the defendant in jeopardy a second time.

Expressing the view of a majority of the court, Mr. Justice REHNQUIST wrote, "But it is enough for purposes of the Double Jeopardy Clause * * * that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand. Even if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial, which could have resulted in a judgment of conviction, has long since terminated in respondent's favor. To subject him to any further such proceedings at this stage would violate the Double Jeopardy Clause" *(United States v Jenkins, supra,* p 370).

In the case now before us, after a jury was sworn and all of the People's testimony was taken, the Trial Judge found the proof to be insufficient as a matter of law. In a jury trial jeopardy attaches when the jurors are empaneled and sworn *Serfass v United States,* 420 US 377, decided March 3, 1975). For purposes of appealability it does not matter whether the court's decision was based entirely upon the facts, upon a conclusion of law to be drawn from the facts, or entirely upon the law. It is sufficient that any appeal by the People under

CPL 450.20 (subd 2) would, if successful, result in the necessity of holding a second trial and would therefore subject a defendant to double jeopardy, as that term has been defined in *Wilson and Jenkins (supra).* Since we decide this case on the basis of double jeopardy, we find no need to reach the question of whether the statute would be ex post facto as applied to defendant.

The appeal should be dismissed.

MARSH, P.J., CARDAMONE, MAHONEY and DEL VECCHIO, JJ., concur.

Appeal unanimously dismissed.