Memorandum. Appeals from trial orders of dismissal dismissed.
The case at bar is purportedly before this court by statutory authority permitting the People a right of appeal (CPL 450.20, subd 2; CPL 290.10, subd 1). The People’s right to appeal in a criminal prosecution is governed by statute, and in the absence of a specific statutory grant to appeal, the court is without jurisdiction (People v Reed, 276 NY 5; People v Gersewitz, 294 NY 163). The Supreme Court of the United States in United States v Jenkins (420 US 358, 370) has held that the proper criterion for appealability is whether upon reversal and remand further proceedings "devoted to the resolution of factual issues going to the elements of the offense charged, would have been required” (see, also, United States v Wilson, 420 US 332; cf. People v Sabella, 35 NY2d 158).
Since defendant has failed to raise the double jeopardy question on appeal (it was raised in United States v Jenkins, supra), the issue before this court is whether it has waived this objection. Double jeopardy is a personal right which, if not timely interposed at trial, may be waived (People v La Ruffa, 37 NY2d 58). In La Ruffa (supra) defendant had already waived his double jeopardy objection in his second trial. That situation is distinguishable from the case at bar where defendant has not yet been placed in jeopardy for the second time. In both Jenkins (supra) and People v Gesegnet (47 AD2d 333) the courts have permitted the double jeopardy question to be raised before defendant was placed in jeopardy. Furthermore, it appears that under similar circumstances, the Court of Appeals has considered this objection even though it was not raised (People v Fellman, 35 NY2d 158, mod 35 NY2d 853).
In conclusion, we have held today that a dismissal is required in the case at bar since further proceedings "devoted to *339 the resolution of factual issues going to the elements of the offense charged, would have been required” and that defendant has not waived his double jeopardy objections.
It should be noted that this court has taken judicial notice of the fact that the Villages of Patchogue and East Patchogue are in the Town of Brookhaven in Suffolk County. We pass on no other question.
Concur: Hogan, P. J., Pittoni and Farley, JJ.