Angelo Mauceri, J.
These matters presented questions of *651 fact and law involving alleged violations of a new section of the Suffolk County Sanitary Code, specifically article 10 (§ 27, subd [a]) which provides the following:
"(a) No person shall cause or permit the engine of a motor vehicle, other than a legally authorized emergency vehicle, to idle for longer than three (3) consecutive minutes while:
"1. parking as defined in section one hundred twenty-nine of the Vehicle and Traffic Law; or
"2. standing as defined in section one hundred forty-five of the Vehicle and Traffic Law; or "3. stopping as defined in section one hundred forty-seven of the Vehicle and Traffic Law, unless the engine is being used to operate a loading, unloading or processing device.”
There are three exceptions to subdivision (a) of section 27 and they appear in subdivision (c) of section 27 as follows:
"(c) Exceptions:
"1. When a vehicle is forced to remain motionless because of traffic conditions over which the operator has no control, the prohibitions shall not apply.
"2. When regulations adopted by federal, state or local agencies having jurisdiction require the maintenance of a specific temperature for passenger comfort, the idling limit specified in this section may be increased, but only to the extent necessary to comply with such regulations.
"3. When necessary for operation of mobile receiving and transmitter stations or mobile telephones.”
Each of the cases was tried to a conclusion. The court reserved decision and counsel submitted memorandums of law. There are a number of arguments presented by both the People and the defendant in their memorandums of law.
Without deciding the validity of the statute, and for the sake of brevity the court will now dismiss Index No. 8357/75. In this case the defendant submitted uncontradicted evidence that the air suspension system of the bus had been repaired and the safety factor required that the bus be idling for at least 10 minutes to build up pressure in the system. Based on all the testimony the court finds as a matter of fact that the People failed to prove the defendant’s guilt beyond a reasonable doubt.
The other cases present different problems. The court refused to take judicial notice of the statute at the trial there being no testimony or proof as to the authority of the Health *652 Department to promulgate such laws. The defendant in his argument claimed an unlawful search of the premises without a warrant. The People asked that an inference be drawn for the failure of the defendant to produce a witness.
After due consideration by the court it is clear that the Suffolk County Department of Health is authorized to establish this type of violation in the Sanitary Code (Public Health Law, § 347) as long as it is not inconsistent with other State laws. The use of motor vehicles in this State is governed by the Vehicle and Traffic Law. That statute does not in any of its sections concern itself with the idling of motor vehicles. Although section 1610 of the Vehicle and Traffic Law establishes a Department of Transportation to regulate the use of State highways and roads, this violation, subdivision (a) of section 27, is not inconsistent with the Transportation Law. Therefore, the enactment of this section by the Department of Health is within their province and authority. The argument of counsel that the search was unlawful cannot be sustained since the inspector entered an outdoor lot where buses were parked. He had reasonable grounds to assume a bus was idling in violation of the law and therefore would not be violative of the constitutional guarantees against unlawful search. This can also be considered to come within the "Open Fields” exception to the Fourth Amendment. (Air Pollution Variance Bd. v Western Alfalfa, 416 US 861.) The argument of the People that the failure of the defendant to present a witness causing an inference to arise that the witness may have produced evidence harmful to the defendant cannot be sustained. It is clear law that a defendant has the right to remain silent and not present any witnesses. It is the clear duty of the People to prove the defendant’s guilt beyond a reasonable doubt, not the defendant’s obligation to prove his innocence.
The more important question presented in this case is the constitutionality of section 27 of the Suffolk County Sanitary Code. Is it a proper classification under the Constitution or is it violative of the Equal Protection clause of the Constitution? The court is quite cognizant of the grave danger to our environment by the emission of gasoline fumes, along with other pollutants. But it is the obligation of the people charged with the official protection of our environment to develop methods which protect the environment and laws that are *653 constitutional in that quest. It is imperative that the rights of the people are protected, since, to violate those rights under the misconception that the environment must be protected against all costs is a fallacious presumption. Subdivision (a) of section 27 in this court’s view is unreasonable and totally unenforceable in an equal manner under the Constitution. The stricture that a motor vehicle cannot idle in one place for more than three consecutive minutes is burdensome to every citizen of this county. A State agency may enact statutes in the interest of public health and safety so long as the regulation affects a legitimate public interest and is applied in an even-handed fashion. (Huron Cement Co. v Detroit, 362 US 440.) However, the equal protection clause of the Constitution requires that even statutes related to the promotion of the public health and safety must not be unreasonable, nor make unjust discrimination against individuals or groups. (Hauser v North British and Mercantile Ins. Co., 206 NY 455.) The most essential requirement regarding classifications, in order not to violate the Constitution, is that the classification may not be capricious, arbitrary or irrational, but must be reasonable. When the Legislature, in permitting an exception to a regulation, in effect grants an arbitrary preference, the equal protection clause is offended. (People v Creeden, 281 NY 413.)
(a) The exceptions to the regulation at issue permit cases of engine idling for more than three consecutive minutes where "the engine is being used to operate a loading, unloading or processing device.” This exception seems to relate to the movement of commercial goods, while failing to account for the loading and unloading of people. Under the regulation a school bus driver may not legally halt the bus at a stop more than 180 seconds to wait for children to be picked up, although as long as any loading device is turned on, the carrier of a shipment of commercial goods need not worry about the idling of his engine. The same limitation would apply to public buses and taxicabs, and automobiles whether they be forced to stop in a car pool situation, gasoline line, ferry line, or simply when waiting to pick up a passenger. In this connection Justice Douglas stated that "the right of persons to move freely * * * occupies a more protected position in our constitutional system than does the movement of cattle, fruit, steel and coal” (Edwards v California, 314 US 160). It seems unreasonable to allow more favored treatment to cases involving loading and unloading of commercial goods than to cases *654 involving the discharging and picking up of human passengers.
(b) The regulation makes an exception for cases where a Federal, State or local agency directs that the engines of vehicles under its control be run in order to maintain a specific temperature for passenger comfort. It also excepts engine idling when necessary to run mobile telephone, transmitting and receiving devices. The classifications would seem to be blatantly discriminatory against the large mass of individuals who may wish to run their engines and heaters and/or air conditioners to reach the same temperature comfort level in their own vehicles. Furthermore, if the regulation allows an engine to idle for more than three minutes to permit use of a mobile telephone component, then there seems to be no logical rationale for banning the idling of the engine for the same length of time for use of a defroster, heater or air conditioner.
(c) The regulation excepts "a legally authorized emergency vehicle” while failing to include the category of private or civilian vehicles which, in an emergency situation, may have to stand and wait in one place for more than three consecutive minutes.
In order for an exercise of the police power to be valid there must be "some fair, just and reasonable connection” between it and the promotion of health, comfort, safety and welfare of society. (People v Gillson, 109 NY 389, 401.) The issue here is whether the three-minute limitation on engine idling is reasonably designed to accomplish the purpose of reducing air pollution in Suffolk County.
It is reasonable and logical to conclude, without aid of a pollution meter or test tube, that an engine running with the vehicle in place is burning less gasoline and emitting less combustion than the engine of a vehicle in motion. Environmental considerations strong as they are, we have not yet come to the point of prohibiting pleasure driving or driving merely for the sake of driving, which, to be sure, creates enormously more amounts of air emissions on the whole than does the lone engine which has been permitted to idle one minute too long. It would seem that such a restriction has a de minimus effect when considered in light of total air emissions from actual driving, factories and industrial polluters. Indeed, on the subject of vehicular emissions, the Environmental Protection Agency, in promulgating the Clean Air Act, has *655 only concerned itself with potential automotive emissions in situations where there are parking lot concentrations of 1,000 cars in a densely populated area or 2,000 cars outside a densely populated area. (A Clear View: Guide to Industrial Pollution Control; Inform, 1975, p 200.) There appears to be no expressed concern for the lone vehicle whose engine is permitted to idle a moment too long. This regulation by the Suffolk County Department of Health zeroes in upon a minuscule source of air emissions and therefore is an unreasonable exercise of police power because it is not reasonably or significantly or effectively related to its intended purpose of combating air pollution.
The constitutional requirement of due process of law is a limitation upon the police power, which requires that the desired end must be accomplished by methods consistent with due process.
Although a mere incidental interference with constitutional rights is permissible under a police power regulation, it is clear that the regulation may not violate or materially burden any substantive guarantees under the Constitution, or be arbitrary and oppressive in nature. (People v King, 110 NY 418.)
The oppressive aspect of the regulation is the three-minute time limit. That regulation would require drivers waiting in line to turn off their engine every 180 seconds they have to stay in one spot, and that a three-minute limitation be placed upon idling in place while a heater or defroster becomes operable in cold weather. There are other examples ad infinitum.
It is the court’s opinion that the regulation in its totality creates an oppressive, unreasonable and arbitrary burden upon the mobility of our citizens. It is quite possible that the Department of Health may be able to consider a statute that is not oppressive or burdensome but the three-minute limitation because of the aforesaid is in this court’s opinion unconstitutional and the court dismisses the remaining actions.