Memorandum.
Order dated May 2, 1975 which granted reargument and upon reargument adhered to its original decision reversed on the law, information reinstated and matter remanded to the court below for further proceedings in light of the opinion of this court.
Appeal from orders dated March 19, 1975 and April 18, 1975 dismissed. The orders were superseded by the order granting reargument (People v Saddler, 38 AD2d 964; see People v McCaskey, 46 AD2d 692).
On July 24, 1974 defendant was charged with operating a motor vehicle with more than .10 of one percentum by weight of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2). It appears that at that time the defendant was served with both a simplified traffic information and a supporting deposition even though he made no demand for the deposition. On March 19, 1975 a jury was impaneled and sworn. After the court addressed the jury, defendant moved to dismiss the information. The motion was granted on the ground that the information and supporting deposition failed to allege facts which would tend to show that the defendant committed every element of the offense charged. The Trial Justice then dismissed the jury.
On March 25, 1975 the People moved for reargument. The Trial Judge granted reargument and upon reargument adhered to its original decision stating in part that since jeopardy attached under CPL 40.30 the court could not in good conscience grant the People the relief requested. Thereafter, the People appealed from both orders.
*264 CPL 450.20 (subd 1) permits the People to appeal from an order of the trial court which dismisses an accusatory instrument for legal insufficiency pursuant to CPL 170.30. Accordingly, in situations where the lower courts have acted prior to trial the appellate courts can review the accusatory instrument and, when warranted, grant the People the appropriate relief. However, once jeopardy has attached, courts must consider the issue of double jeopardy. Under New York law jeopardy attaches when a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn (CPL 40.30, subd 1, par [b]; People v Gesegnet, 47 AD2d 333). Since in the instant matter the jury was sworn there can be no doubt that jeopardy had attached, and since the trial court denied the relief sought by the People on reargument because of double jeopardy, the issue of double jeopardy must be considered.
Recently, the Supreme Court of the United States held that an appeal by the People following a verdict of acquittal would violate the double jeopardy clause of the Fifth Amendment if further proceedings directed to the resolution of factual issues going to the elements of the offense charged, would be required upon reversal and remand (United States v Jenkins, 420 US 358; cf. United States v Wilson, 420 US 332).
In discussing the applicability of these decisions on appeals by the People from orders of dismissal Judge Nunez of the Appellate Division, First Department, in a concurring opinion in People v Brown (48 AD2d 95, 98) stated that: "We read United States v Jenkins and United States v Wilson (420 US 332) as holding that only where there has been a jury verdict of guilty or findings by the court in a nonjury trial to support a verdict of guilty, but the trial court in either case then finds in the defendant’s favor on a question of law, will appeal be permitted. In such case the Double Jeopardy Clause does not bar an appeal because errors of law may be corrected and the guilty verdict reinstated without another trial.” (See People v Gesegnet, supra; People v Dockside 500 Marina, 85 Misc 2d 337; see, also, United States v Fayer, 523 F2d 661.) Accordingly, it would appear in view of the cases previously discussed that since here jeopardy had attached and a reversal and remand would require a further hearing, the matter is not appealable. However, after deciding Jenkins, the Supreme Court in Serfass v United States (420 US 377, 394) stated:
"Nor do we intimate any view concerning the case put by *265 the Solicitor General, of 'a defendant who is afforded an opportunity to obtain a determination of a legal defense prior to the trial and nevertheless knowingly allows himself to be placed in jeopardy before raising the defense.’ Compare United States v. Findley, 439 F. 2d 970, 973 (CA1 1971), with United States v. Pecora, 484 F. 2d 1289, 1293-1294.”
Viewing the case at bar in light of the Supreme Court’s statement in Serfass, it is important to note that defendant’s motion to dismiss should properly have been made within 45 days after arraignment and before the commencement of trial (see CPL 170.35; 170.45; 210.45; 210.20, subd 2; 255.20). In the case at bar, it appears that even though defendant was aware of the defect in the information prior to trial, he waited until jeopardy attached before making the motion which, as stated prior hereto, was granted by the trial Justice in his discretion (see CPL 255.20, subd 3). Accordingly, this court is now faced with the novel issue which the Supreme Court declined to resolve in Serfass.
The defense of former jeopardy is designed to protect the defendant from being harassed by a succession of subsequent trials and the limit of its application rests on the determination of fundamental fairness in the Federal view (see People v Fernandez, 43 AD2d 83, 87-88). Thus, it would appear that the proper use of the defense of double jeopardy is as a shield rather than as a sword. Accordingly, it is the opinion of this court that in situations such as the one presently before us, where the motion to dismiss the information because of a deficiency, was discoverable and capable of being made prior to trial, the right to assert the defense of double jeopardy should be deemed waived (cf. People v Haverty, 21 Misc 2d 198, 200-201, decided prior to CPL 255.20 as presently enacted). In reaching this result we are not unmindful of the line of cases which hold that since jeopardy does not attach to a defendant tried upon an insufficient accusatory instrument, a subsequent trial on a proper accusatory instrument does not subject the defendant to double jeopardy (see People v Bedjanzaden, 61 Misc 2d 766). However, under our present law the failure to raise an objection to the accusatory instrument prior to trial may result in a waiver (see CPL 255.20) and a subsequent conviction thereon (see People v Eric K., NYLJ, Dec. 9, 1975, p 9, col 5). Accordingly, in those instances, it would be difficult to argue that jeopardy would not attach. Moreover, the validity of the doctrine enunciated in Bedjanza *266 den has been called into question by the Supreme Court ruling in Jenkins.
CPL 100.10 (subd 2) and CPL 100.25 in substance indicate that where a defendant receives a simplified trafile information and makes a timely request for a supporting deposition, he is entitled to the supporting deposition prior to trial and the failure to provide same mandates a dismissal (see People v De Feo, 77 Misc 2d 523). Moreover, in order to be considered adequate, a supporting deposition in a traffic case initiated by a simplified traffic information must set forth facts in a plain and concise manner which provide a reasonable cause to believe that the defendant committed every necessary element of the offense charged (CPL 100.25, subd 2). In the instant matter, the supporting deposition fails to set forth any facts from which it could reasonably be inferred that the defendant was "operating” the vehicle, a prerequisite to a conviction of violating subdivision 2 of section 1192 of the Vehicle and Traffic Law.
It is true that a simplified traffic information is on its face a sufficient prosecutory instrument where the defendant fails to timely demand a supporting deposition (CPL 100.10, subd 2; CPL 100.25). However, here the deposition was voluntarily provided by the People within the permissible time for defendant to demand same, and this in effect mooted defendant’s right to make such a demand. Thus, the People, in supplying the deposition, must satisfy the minimum requirements as set forth in CPL 100.25. Since the supporting deposition and the simplified traffic information failed to satisfy those requirements, a dismissal of the information would have been proper (see People v Hust, 74 Misc 2d 887) had the motion to dismiss been in writing and upon notice to the People (CPL 170.45; CPL 210.45). However, inasmuch as the motion was made orally and without notice, it should have been denied (see People v Trottie, 47 AD2d 751).
Finally, while the court in its discretion, pursuant to CPL 40.30 (subd 4), granted reargument of defendant’s motion and by adhering to its original decision refused to permit the People to file a new accusatory instrument, it should be noted that although it had the authority to act as it did, the court’s rationale for doing so, that the relief requested would violate defendant’s right not to be placed in jeopardy twice, is in conflict with the reasoning of this court today.