Memorandum. Appeal is dismissed.
The People are appealing the sua sponte dismissal by the court, after trial, of the informations charging defendant with violations of article 10 (§ 27, subd [a]) of the Suffolk County Sanitary Code (see People v Holbrook Transp. Corp., 84 Misc 2d 650). The court below found that the afore-mentioned *81 section of the code was unconstitutional. The Court of Appeals has recently held CPL 450.20 (subd 2) (appeal of trial order of dismissal) unconstitutional as violative of the defendant’s right not to be placed twice in jeopardy for the same offense, if further proceedings of the same sort devoted to the resolution of factual issues going to the elements of the offense charged, would be required upon reversal and remand (People v Brown, 40 NY2d 381). In the case at bar, it is apparent that there is no "determination of guilt which without more may be reinstated” (People v Brown, supra, p 391; see United States v Wilson, 420 US 332). Therefore, double jeopardy attaches, and the appeal from the order should be dismissed. Because of the overriding importance of the constitutional issue of double jeopardy, the appellate court should consider the issue sua sponte, even if, as here, neither side has raised the matter on appeal (People v Dockside 500 Marina, 85 Misc 2d 337).
We do not reach the question of the constitutionality of the ordinance at bar (8 NY Jur, Constitutional Law, § 47).
Concur: Glickman, P. J., Gagliardi and Silberman, JJ.