OPINION OF THE COURT
Eli H. Mellan, J.
Upon the foregoing papers this motion herein seeks dismissal of the information pursuant to CPL 170.30 (subd 1) on the ground that the prosecution is barred under the facts and circumstances hereinafter set forth. The information sets forth a charge of petit larceny under section 155.25 of the Penal Law wherein the defendant and another are both named as defendants both of whom having retained a single law firm to represent them on the charge. These defendants were represented on various dates and on different occasions requiring their appearances when on September 27, 1977, a trial was commenced before Judge William: W. Seiffert of *427 this court with a single attorney of the afore-mentioned law firm representing both defendants.
Apparently no question was raised up to this moment, or at least there is no indication of an issue having been made of the fact that one attorney was representing both defendants until after trial commenced by selection of a jury which was impaneled and sworn. It is stated that Judge Seiffert on is own motion declared a mistrial to allow this defendant to secure separate counsel and the attorney representing the defendant in the within motion is in fact one other than the attorney who participated in the trial.
There is some conflict within the moving papers wherein, in the affidavit in support of the motion, paragraph four and five state that both defendants were represented by a single law firm while in paragraph nine of the affidavit it is stated that the mistrial was not consented to by the defendant since "according to Judge Seiffert’s ruling there could not be [sic] because the defendant was not represented by counsel at that time.” In other words it is not contended that anyone in behalf of the defendant raised objection to the Judge declaring a mistrial in order to afford the defendant an opportunity to secure counsel but indirectly it appears to be argued that the defendant could not have consented to the mistrial since he was not represented. Yet on the other hand it is also stated that this defendant was represented by the same attorney who represented the codefendant who could in that instancé have clarified the record that this defendant does not go along with a mistrial which was obviously declared for the defendant’s own benefit.
It is obvious even from the papers that the court declared the mistrial solely for the benefit of the defendant to enable this defendant to have a separate attorney in order to avoid any possible conflict of interest. It is well established that there is nothing illegal about one attorney representing two defendants if both defendants are fully aware of these facts and the attorney is confident that there is no likelihood of conflict of interest resulting from such representation. According to the moving papers there was nothing on the record that this defendant did not wish to go along with this procedure or that the mistrial was declared over the objection of the defendant. On the contrary, the moving papers assert that the defendant never consented to the mistrial. The affidavit in opposition did not appear to be seriously controverting the *428 contention that the defendant did not consent to the mistrial but merely set forth that the defendant was represented by attorney at this stage of the matter who could have claimed in behalf of the defendant that he does not consent to the mistrial which would result in a defense of double jeopardy in the event of a subsequent trial. Not having done so, the District Attorney argues that the defendant waived his rights to protection against double jeopardy. This might have been a complicated issue were it not for the fact that the transcript of what took place before Judge Seiffert On September 29, 1977 clarifies the entire argument. Neither the attorney for the defendant in making the motion nor the Assistant District Attorney saw fit to refer to the minutes of the previous proceeding and it was incumbent upon the court to elicit this information. The transcript in this regard reads as follows: "[In Judge Seiffert’s Chambers] the court: Let the record show that both defendants are present; and both the attorney for the defendants Richard Reisch and the Assistant District Attorney Peter Panaro are also present. Mr. Reisch, I understand that you have an application you would like to make. mr. reisch: Yes, your Honor. This is an application for the Court to declare a mistrial in the interest of justice. The basis for the application is that it has become apparent that there exists, based upon some examination that we have all had of background of this case, there might be some conflict between the two parties defendant. Because of this I would make the application in order to more fully determine whether or not individual counsel is needed for one or the other of the defendants. This application is likewise made with the full waiver of any rights of prior jeopardy.” Further on in the transcript the court explained the situation further and stated: "Let me explain it to you once again. As this trial evolved it became obvious that it was not so simple that one attorney could represent both of you in this charge, so as a result of this, on discussion with the district attorney, as they called this to the attention of the court, it was felt that the best interests of all parties, including each of you as defendants, that each of you have a separate attorney who could represent your particular interest, so the only way that this could proceed at this time, in light of the fact that a jury had already been picked and sworn, was to declare a mistrial without prejudice to the district attorney being able to proceed with this case. Now, with that explanation, do you understand *429 that? mr. woods & MR. keepler: Yes. the court: All right. In light of these facts and circumstances which have been called to the attention of the court, and in the interest of justice, the court declares this a mistrial, and the matter will be set down for Part I for November 2nd.”
Therefore it is obvious from what the minutes revealed transpired on September 29, 1977 that not only did this defendant consent to the mistrial but that the attorney then representing him even made the application to declare the mistrial in the interest of justice, and in so doing specifically stated it was made "with the full waiver of any rights of prior jeopardy.” There could hardly be a clearer case of waiver.
As stated in People v Key (87 Misc 2d 262), the defense of double jeopardy is intended to serve as a shield "rather than as a sword.” The defense of double jeopardy is designed to protect the defendant from being harassed by successive or subsequent trials. As further stated in the Key case, the application of the doctrine must rise on the determination of fundamental fairness.
The court is well aware of the various holdings to the effect that under CPL 40.20 and 40.30 a trial is deemed to have been commenced in a nonjury case after the swearing of a witness after which double jeopardy may attach or in a jury case that jeopardy attaches with the impaneling and swearing of the jury. (See People v Krum, 68 Misc 2d 763; People v Davis, 79 Misc 2d 137; People v Gingello, 84 Misc 2d 63.) The court is also fully aware of the myriad cases which hold that except for exceptional circumstances a mistrial declared after a trial has been commenced which is not consented to by the defendant may constitute double jeopardy. However, under the facts and circumstances set forth herein it cannot be said the defendant was deprived of any constitutional right when the very basis for the declaring of the mistrial was to protect the defendant’s right to be represented by counsel, and where before any testimony was taken a mistrial was declared in order to enable the defendant to proceed anew while properly represented by separate counsel. This is of course particularly true when the very application for mistrial was made by defendant. Therefore the motion seeking dismissal herein is denied.