OPINION OF THE COURT
William M. Simon, J.
Upon simplified traffic information No. LN 987127 1, defendant was charged with violating section 2410 (4) of the Vehicle and Traffic Law (knowingly authorizing or permitting the operation of an ATV by children under the age of 16 with no helmet and no insurance).
The defendant first appeared before this court on September 11, 2002, and requested a supporting deposition, inquiring as to the legal sufficiency of the charges against her. The court *248 having ordered a supporting deposition, in response thereto conservation officer James Volker on September 25, 2002 timely filed and served a supporting deposition. That recited as follows: “On patrol on 9/1/02 at 4:00 PM Co. Rd 16 & Josh Rd. I observed a ATV coming towards me with four teenage girls without helmets riding and operating the machine. I stopped the ATV which was a red 1982 three wheel Honda. The Atv was unregistered and had no insurance. The operator identified herself as the 14 year old daughter of Anne E. Rothman (personally known to me) of Elka Park. I found Anne E. Roth-man off Josh Road at a private residence and issued her V&T ticket LN987127 1 section 2410-4, This section is operation by minor and responsibility of the parent for the violation.”
The court must determine if the accusatory instrument is sufficient under CPL 100.20 before scheduling a trial.
An accusatory instrument is sufficient when all of the factual allegations if true establish every element of the offense charged.
When a simplified information is used as in this case then an adequate supporting deposition must set forth in a plain and concise manner facts upon either knowledge or information and belief which provide “Reasonable Cause” to believe that the defendant committed every element of the offense charged. (See CPL 100.25 [2]; 100.40 [1] [b]; People v Hust, 74 Misc 2d 887; People v Key, 87 Misc 2d 262.) Clearly the allegation that the ATV was operated by a 14 year old without a helmet and without insurance or registration would be a violation of the statute. Clearly allowing a 14 year old to operate a vehicle in this fashion on a county highway is a most serious matter and in fact might even constitute endangering the welfare of a child. One of the key elements of the charge is authorizing or permitting the child to operate the ATV.
I am constrained to agree with the defendant, that the accusatory instrument does not contain any allegation that she authorized or knew of the operation of the ATV by her child. A reading of the accusatory instrument does not contain sufficient information by which this court could conclude even by inference that this defendant authorized or knew of the operation of this vehicle by her child. There are no facts from which this court could conclude who the owner of the vehicle was or where the operation commenced or that the defendant observed the operation or knew of it any way. For example, if the allegations were that the child was operating the ATV in plain view of the parent, then one might draw the inference that she *249 permitted the operation. Since the accusatory information is totally devoid of any factual information regarding whether the defendant authorized or permitted the operation of the ATV, the information is insufficient.
Therefore this simplified information is dismissed.