Stephen 'Smyk, J.
These appeals present two questions of first impression, one or the other of which is present in each of the cases decided herewith. Because of the number of cases which contain either or both of these issues, and the lack of uniformity of the local criminal courts in handling these two matters, we take occasion to write at some length on both points and resolve the following cases in the manner stated in accordance with the reasoning contained in the applicable part of tRis opinion.
UNDER PARTS I AND H:
People v. Zagorsky — affirmed.
UNDER PART l:
People v. Rohner — affirmed. ;
People v. Pitcher — reversed aid remanded.
People v. Sinacore — reversed and remanded.
People v. Travis — reversed and remanded.
UNDER PART n:
People v. Johnson — reversed and dismissed.
People v. Brady — affirmed.
People v. Pratt —- reversed and dismissed.
*422 PART I
Do the time limitations of recently enacted GPL 30.30 (speedy trial) apply where defendant is charged with a traffic infraction?
We answer it in the negative. While many philosophical arguments have beeh advanced to support a determination that the Legislature must have intended to include traffic infractions within the scope of GPL 30.30, no party has been able to successfully circumvent the clear language of the applicable statutes, which language calls for an opposite holding^
As a starting point, there can be no serious disagreement with the conclusion that if traffic infractions are to qualify and be covered under GPL 30.30 they must do so under paragraph (d) of subdivision 1 of that section. Although the defendant-appel- . lant in the Zagorsky ease urges that .since traffic infractions are I treated as misdemeanors for certain procedural purposes they 1 should be classified as such for speedy trial purposes and thereby 1 come within GPL 30.30 (subd. 1, par. [c]), a reading of that sub;division indicates that it refers only to Class B misdemeanors as defined by the sentencing provisions of the Penal Law. And indeed, in the Practice Commentary accompanying GPL 30.30 (McKinney’s Cons. Laws of N, Y., Book 11A, GPL 30.30) this subdivision is described as applying to Class B misdemeanors And confirms this view.
The next and major question to be considered is whether a traffic infraction can be termed a violation and thereby qualify for the speedy trial advantages of GPL 30.30 (subd. 1, par. [d]), which states:
“ 1. Except as otherwise provided * * * a motion ndade [to dismiss for failure to provide a speedy trial] must be granted where the people are not ready for trial within: * * *
“ (d) thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime. ’ ’
That the term “ violation ” does not include traffic infractions becomes apparent upon a reading and analysis of the meaning and interaction of various Penal Law and Criminal Procedure Law statutes.
To begin, “ Violation ” is denied under subdivision 3 of section 10.00 of the Penal Law, as “ an offense, other than a ‘ traffic infraction, ’ for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed. ’ ’ Since traffic infractions are specifically excluded from the definition of violation under the Penal Law, the next question is whether that definition *423 applies as well to the 'Criminal Procedure Law, and specifically to GPL 30.30.
The pertinent part of CPL 1.20 states that: “ Except where different meanings are expressly specified in subsequent provisions of this chapter, the term definitions contained in section 10.00 of the Penal Law.are applicable to this chapter”. Thus, unless the Legislature expressly expanded the Penal Law definition of a violation, either for the purpose of the Criminal Procedure Law as a whole or for the limited purpose of GPL 30.30, it is apparent that the Penal Law definition is to be applied. An examination of the Criminal Procedure Law reveals no such expansion, either express or implied and, for this reason alone, traffic infractions cannot be deemed violations-under CPL 30.30 (subd. 1, par. [d]).
A less easily discernible reason than the foregoing in refusing to apply CPL 30.30 to traffic infractions arises upon an examination of paragraph (d) of subdivision 1 of said section. The phrase “ at least one of which is a violation ” leads by implication to the conclusion that there are some -offenses which do not amount to violations. And since traffic infractions are the only “ offenses ” lower on the -scale set forth in the Penal Law than violations, it is apparent that the above phrase is rendered meaningless by a holding that the term “violation” in GPL 30.30 (subd. 1, par. [d]) includes traffic infractions. For this reason as well, we hold that the strict time limitations of CPL 30.30 do not apply to traffic infractions and that a defendant charged with such an infraction is left to the traditional speedy trial remedy found in CPL 30.20.
In accordance with the above reasoning, the cases of People v. Pitcher, People v. Sinacore, and People v. Travis, wherein the lower court dismissed the informations on the basis of CPL 30.30, are reversed and remanded for trials; the case of People v. Rohner, wherein the lower court refused to so apply 30.30 is affirmed; and the case of People v. Zagorsky, insofar as it appeals from the lower court’s refusal to so apply 30.30, is affirmed.
part n
Does the failure to furnish a requested supporting deposition pursuant to CPL 100.25 and GPL 100.40 require dismissal of the simplified information and, if so, under what circumstances? .
In these appeals this court is faced with situations where (1) , although demand had been made for a supporting deposition the local criminal court failed to order one to be prepared and filed with the court prior to trial (People v. Brady); (2) long *424 after demand-, and about a month prior to trial, the local court requested that the District Attorney’s office procure the supporting deposition but never ordered the same from the complainant officer nor was one furnished prior to trial (People v. Johnson); (3) a requested supporting deposition was prepared and filed with the court but allegedly never served upon the defendant (People v. Pratt); (4) -same as (3) above except that the local Judge’s copy of the supporting deposition bears the Judge’s handwritten notation that on a certain date long before trial the Judge mailed a copy of it to the defendant (People v. Zagorsky). These and other cases not yet ready for decision call for an evaluation of the procedure which should be followed when a defendant requests a supporting deposition and of the consequences from failure to comply with such a request.
Subdivision 2 of GPL 100.25 states, in pertinent part: “A defendant" arraigned upon a simplified information is, upon a request made before entry of a plea of guilty thereto or commencement of a trial thereof, entitled as a matter of right to have filed with the court and served upon him a supporting deposition of the complainant police officer * * * Upon such a request, the court must order the complainant police officer * * * to file such a supporting deposition with tlie court and to serve a copy thereof upon the defendant.” It is apparent from this provision that a defendant accused under a simplified information is, upon proper request, entitled unconditionally to a supporting deposition setting forth in .some detail the acts which allegedly make up the offense charged. And such a guarantee is necessary in traffic infraction cases because the simplified information itself is invariably a bare statement of the offense charged and does not adequately apprise the defendant of the specific acts and occurrences which constitute the offense in his particular ca-se.
ín order to prevent surprise at the time of trial then, and to enable the defendant to prepare his defense, a supporting deposition is often a necessity. For this reason, the Criminal Procedure Law further provides in subdivision 2 of CPL 100.40 that: “ when the filing of a .supporting deposition is ordered by the court * * * a failure of the complainant police officer * * * to comply with such order renders the simplified information insufficient on its face.” And CPL 170.30, read in conjunction with GPL 170.35, supplies the procedural machinery for moving to dismiss a simplified information which is defective (i.e., insufficient on its face) because of failure to supply a requested supporting deposition.
*425 Although GPL 170.30 seems to make the granting of a motion to dismiss upon the grounds stated therein discretionary with the court, we hold that, in the case of failure to supply a supporting deposition, such a construction would be inconsistent with our earlier conclusion that a defendant is entitled to a requested supporting deposition as a matter of right.
Because the Criminal Procedure Law provides no time limitation for filing and serving a supporting deposition, but merely states that one must be provided upon request, we further hold, in an effort to achieve some uniformity in the practice within this county, that if the defendant has pot received his deposition before the day of trial or a reasonable period before trial, a motion to dismiss made on that day should be granted. Nor would it be proper at that time to grant an adjournment for the purpose of preparing a supporting deposition. Because a defendant is entitled to a supporting deposition as a matter of right, failure to provide one cannot be looked upon as a mere technical defect and it would be improper for the trial court to make a determination that, in a particular case, the defendant did not really need a deposition and deny the motion to dismiss upon that ground.
It remains to discuss the proper procedure for the lower court to follow upon receiving a request for a supporting deposition in order to comply with the requirements of the Criminal Procedure Law and to avoid a later dismissal of the information.
It is the responsibility of the court to order the complainant police officer to prepare and file a supporting deposition with the court and failure to so order in advance of trial calls for dismissal of the information. Such was the case in People v. Brady and we herewith affirm the dismissal of the information in that case.
Once the deposition is ordered by the court, it becomes the police officer’s responsibility to see that the same is filed with the court and served upon the defendant and, once again, failure to do so in advance of trial requires dismissal of the information. In this connection, it should be noted that the District Attorney’s office is not responsible for preparing supporting depositions under the Criminal Procedure Law and therefore neither the trial court nor the police officer complainant should rely upon that office (as some police agencies do in this county) for the preparation and filing of supporting depositions. People v. Johnson, herewith reversed and. dismissed, illustrates the risk that arises when the trial court, rather than ordering the police officer to file a. deposition, merely notifies the District Attorney’s office that *426 such has been requested. The Assistant District Attorney responsible for the case may assume that the officer has notice of the order and will prepare the deposition when, in fact, the officer has received no such notice from the court. When the day of trial arrives and no deposition has either been filed or served upon the defendant, as was the case in Johnson, a dismissal of the information is called for.
In People v. Pratt, also reversed and dismissed, the police officer complainant relied too heavily upon the District Attorney’s office and, after preparing a supporting deposition with the help of that office, did not see to it that it was delivered to either the defendant or his attorney) as required by the Criminal Procedure Law. In that case, although the deposition was filed with the trial court, there is no direct evidence that a copy was ever sent to the defendant or his attorney and accordingly we cannot say that the police officer complied with the second requirement of subdivision 2 of CPL 100.25.
Distinguishable from the Pratt case is People v. Zagorsky, affirmed herewith, in which, all other facts being essentially the same as in Pratt, the lower court Judge made a notation on court records indicating that a copy of the deposition had been sent to the defendant. Although the procedure followed in that case is not to be commended, there is at least some evidence that the requirements of CPL 100.25 were met.
It should be evident from the above that the best course of action once a supporting deposition is requested is;
(1) The lower court should order the police officer to file the deposition with the court and serve a copy of the same upon the defendant.
(2) The police officer, with or without the help of the District Attorney’s office as local practice dictates, should personally prepare and file the supporting deposition with the trial court and should serve a copy of same on either the defendant or his attorney a reasonable time before the -day of trial. Although such personal -service is not mandated under the Criminal Procedure Law, in the absence thereof there should be proof that a copy was- in fact served upon the defendant or sent to -his attorney. Otherwise the risk is run that, as in three of the cases decided herewith, the information will have to be dismissed on the day of trial without regard to. the merits of.the.People’s case.