Stephen Smyk, J.
This is an appeal by the People from an order of the Village Court, Village of Endicott, New York, dismissing a simplified traffic information.
The defendant, Robert F. Hust, was arrested on September 1, 1972 and charged with operating a motor vehicle while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. Thereafter, and pursuant to subdivision 2 of CPL 100.25, the defendant requested a supporting deposition of the complainant police officer. On March 2, 1973, a duly affirmed deposition was filed by the arresting officer with the court and was served on the defendant’s attorney.
The deposition, however, was not sufficient on its face in that it failed to contain ‘ ‘ allegations of fact * * * providing reasonable cause to believe that the defendant committed the offense * * * charged.” (CPL 100.25, subd. 2).
At trial on May 22, 1973, the defendant’s motion to dismiss the simplified traffic information as defective within the meaning of CPL 170.35 (subd. 1, par. [a]) based upon the fact that the deposition was inadequate was initially denied, and the prosecutor’s motion to amend the deposition, pursuant to the same section, by filing with the court and serving on the defendant an amended supporting deposition containing the necessary allegations of fact was initially granted.
After a short recess, however, the court had a change of heart and granted the defendant’s motion to dismiss the information as defective on the grounds that the original deposition was insufficient on its face within the meaning of subdivision 2 of CPL 100.40 and subdivision 2 of CPL 100.25. In so doing the lower court relied heavily on this court’s decision in People v. Zagorsky (73 Misc 2d 420 [Broome County Ct., 1973]).
In Zagorsky and its companion cases we painted the law in broad terms. We held there that a simplified information must be dismissed as insufficient on its face within the meaning of subdivision 2 of CPL 100.40 when a complainant police officer fails tq furnish a requested supporting deposition pursuant to subdivision 2 of CPL 100.25 within a reasonable time before trial We further held that it would be improper at trial to grant the prosecution an adjournment for the purpose of preparing a deposition. We said (p. 424) that the guarantee of a supporting deposition under the Criminal Procedure Law is “ necessary in traffic infraction cases because *889 the simplified information itself is invariably a bare statement of the offense charged and does not adequately apprise the defendant of the specific acts and occurrences which constitute the offense in his particular case.” A supporting deposition is, therefore, often vital to a defendant in order to prevent surprise at the time of trial and to enable him to prepare his defense. Furthermore, ■ a supporting deposition should distinguish the charge against the defendant sufficiently so that no subsequent charge will be made for the same offense. (See, cf., People v. Williams, 243 N. Y. 162 [1926].)
The instant case follows in the wake of the Zagorsky decision. We are called upon to determine whether service of a patently inadequate supporting deposition is tantamount to a failure to serve a deposition and whether the consequence set forth in Zagorsky as outlined above should be visited upon the prosecution here.
CPL 170.30 and 170.35 supply the procedural machinery for a motion to dismiss a simplified information which is defective. GPL 170.35 (subd. 1, par. [a]) states, in pertinent part, that 1 ‘ a simplified information * * * is defective * * * when * * * it is not sufficient on its face pursuant to the requirements of section 100.40”. Subdivision 2 of GPL 100.40 recites that ‘ ‘ when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of * * * section 100.25, a failure of the complainant police officer * * * to comply with such order renders the simplified information insufficient on its face.” Subdivision 2 of GPL 100.25 in turn states that a defendant, upon request, is entitled as a matter of right to a supporting deposition of the complainant police officer ‘1 containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.” The section concludes by saying: “Upon such a request, the court must order the complainant police officer or public servant to file such a supporting deposition with the court and to serve a copy thereof upon the defendant.”
Our examination of this statutory language leads us to conclude that in order to comply with a given court order and thereby satisfy the requirements of the law, the police officer must do more than file and serve any supporting deposition; he must file and serve a supporting deposition containing the matters of substance prescribed by subdivision 2 of CPL 100.25. Otherwise, as in the instant case, the legislative intent would *890 be frustrated and a defendant’s due process rights might be violated.
In this case, the police officer’s supporting deposition merely recited, in effect, that he observed the defendant driving a certain vehicle, that the defendant swerved and struck a parked car, and that based upon his observations of the defendant, he ‘ ‘ felt ’ ’ the defendant was intoxicated. The ‘1 allegations of fact” within the meaning of subdivision 2 of CPL 100.25 must refer not only to the driving, but also to the intoxication since in any driving while intoxicated case there áre two elements to be proven: (1) that the defendant was driving the vehicle in question and (2) that the defendant was intoxicated while so driving. Here, no allegations of fact were presented in the supporting deposition apprising the defendant of the basis for the police officer’s “ feeling ” that the defendant was intoxicated. There is the bare statement that the defendant struck a parked car. However, this specific act or occurrence fails to provide a reasonable cause to believe that the defendant was intoxicated while driving since accidents can and more often do involve sober drivers. (See People v. Weaver, 188 App. Div. 395, 398 [1919]..) In short, the officer failed to substantially comply with the lower court order for a supporting deposition in that the defendant was ¿not properly apprised. of the specific acts or occurrences which constituted his alleged offense. The simplified information was, therefore, rendered defective.
Accordingly, we hold that where a complainant police officer, pursuant to a proper court order under subdivision 2 of CPL 100.25, fails to provide a defendant charged under a simplified information with an adequate supporting deposition within a reasonable time before trial, a motion made on that day to dismiss the simplified information as defective within the meaning of CPL 170.35 (subd. 1, par. [a]) should be granted. We further hold that it would not be proper at that time to allow the prosecutor to prepare and serve upon the defendant an amended supporting deposition.
In order to be considered adequate, a supporting deposition must set forth facts in a plain and concise manner which provide a reasonable cause to believe that the defendant committed every necessary element of the offense charged. Furthermore, because a supporting deposition is so vital to the defendant in traffic infraction eases, the failure to provide an adequate one cannot be looked upon as a mere technical defect.
The decision of the lower court is therefore affirmed.