Stephen ¡Smyk, J.
The People appeal, pursuant to CPL 450.20 (subd. 1) and 450.60 (subd. 3) the order of the. 'City Court of Binghamton, New York, dismissing the information charging the defendant with operating a motor vehicle while he had .12 of one per centum or more by weight of alcohol in *351 his blood in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.
The defendant was arrested on July 16,1972 for driving while intoxicated and submitted to a chemical test of his blood to determine its alcoholic content. The blood sample was analyzed and found to contain .30 of one per centum 'by weight of alcohol and two simplified informations were filed with the lower court, one charging a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law and the other charging a violation of subdivision 3 of section 1192 of that law.
On March 7, 1973 the defendant’s attorney requested supporting depositions for both simplified informations. However, the request was never complied with and on June 6, 1973, the scheduled date of trial, both simplified informations were dismissed :on defense counsel’s motion on the ground that they were insufficient on their faces. (See People v. Zagorsky, 73 Misc 2d 420.)
Thereafter, the arresting officer filed two new long form informations with the lower court charging the defendant with the same offenses charged in the dismissed simplified informations. Subsequently, on November 30, 1973 the defendant’s pretrial motion to dismiss the new information charging a violation of subdivision 2 of section 1192 was granted. It was successfully argued on defendant’s behalf that in order to support a charge of a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, a chemical test must be given within two hours after the person’s arrest pursuant to section 1194 (subd. 1, par. [1]) of that law. It was then contended that the dismissal of the simplified informations rendered his July 16, 1972 “ on the scene” .arrest void and without legal significance. It was further maintained that the only way the defendant could have been brought before the lower court following the filing of the new long form informations was by means of a second arrest. Hence, it was argued, the new information charging a violation of subdivision 2 of section 1192 is not legally permissible since the blood test necessary to support it could not have been conducted within two hours after the defendant’s “ on the scene ” arrest, that arrest having been voided by the dismissal of the initial simplified informations, and no new chemical test was given within two hours after his rearrest.
We are thus confronted with the question of whether the defendant’s initial “on the scene” arrest survived the dismissal of the simplified informations so as to allow the blood *352 test given within two hours of the first arrest to properly support the new long form information alleging a violation of subdivision 2 of section 1192.
At the outset we note that the dismissal of an accusatory instrument before trial on the ground that it was insufficient on its face in no way bars the filing of a second accusatory instrument charging the same offense and a subsequent trial thereon. No question of double jeopardy is presented on this appeal since the defendant has not yet been ‘ ‘ prosecuted ’ ’ within the meaning ofOPL 40.30 (subd. 1). Our recent decision in People v. Zagorsky (73 Misc 2d 420, supra) is consistent with this view. In Zagorsky we said that a failure to supply a properly requested supporting deposition renders a simplified information insufficient on its face. We then held (p. 425) that “ if the defendant has not received his deposition before the day of trial or a reasonable period before trial, a motion to dismiss made on that day should be granted.” Zagorsky does not stand for the proposition that merely because a simplified information is dismissed for failure to supply a supporting deposition, a new information alleging the same offense may not be filed and a trial had thereon.
Returning to the issue in point, section 1194 (subd. 1, par. [1]) of the Vehicle and Traffic Law reads: “ Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for thfe purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of the police officer: (1) having reasonable grounds to believe such person to have been driving in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation ’ ’.
We believe that section 1194 (subd. 1, par. [1]) was enacted to insure that the results of any chemical test will be both probative and meaningful with respect to the amount of alcohol in a given defendant’s blood at the time of his operation of a motor vehicle. As such, it is but one of the statutory requirements which must be met before a chemical test result may properly ;be admitted into evidence (see People v. Meikrantz, 77 Misc 2d 892). Moreover, there can be little doubt that the Legislature intended the two-hour time limit to apply only to a person’s “ on the scene ” arrest for a section 1192 violation and not to any subsequent rearrest based upon the same criminal transaction. We disagree with the defendant’s contention that *353 the legal significance of the “ on the scene ” arrest here was voided by.the lower court’s dismissal of the initial simplified informations.
An arrest can be made although no accusatory instrument was in existence at the time thereof (CPL 140.05). This is precisely what occurred here on July 16, 1972. Following the defendant’s arrest, simplified informations were filed with the lower court to commence the criminal action in accordance with CPL 140.27 (subd. 2). We believe that the making of such an 1 ‘ on the scene ’ ’ arrest and the subsequent filing of the accusatory instruments pertaining thereto were two separate and distinct legal matters and that while the dismissal of the simplified informations here halted the criminal action, it had no effect upon the defendant’s prior arrest which remained a factual matter of legal significance. The defendant- was not discharged following the initial dismissal pursuant to CPL 140.45, and hence, the court retained jurisdiction over him pending the filing of the long form informations. The defendant’s subsequent rearrest was merely the machinery used to bring the defendant before the lower court again for the purpose of arraignment upon the new accusatory instruments (see CPL 120.10 [subd. 1]). It should also be noted that an arrest was not necessary to achieve the defendant’s court appearance after the commencement of the second criminal action since a summons would have sufficed (see CPL 130.30).
Accordingly, for the reasons set forth above, we reverse the lower court order of dismissal and remand the case for trial on both charges.