Per Curiam.

Defendant was issued a summons for speeding (Vehicle and Traffic Law, § 1180, subd. [d]) and arraigned on a simplified traffic information. Shortly thereafter, a request was made to the clerk of the trial court for a supporting deposition pursuant to Criminal Procedure Law (§ 100.25). Apparently, the deposition was not served upon defendant. *524 and a motion to dismiss the information was made at trial following the direct testimony of the complainant police officer. The court’s offer of an adjournment for the purpose of allowing the People to furnish the supporting deposition was declined by the defendant and the court thereafter denied his motion.
Defendant contends that the right to the supporting deposition, given to him by statute, required the court to dismiss the action and that he was under no duty to accept an adjournment so as to allow the People to prepare and serve the deposition (citing People v. Zagorsky, 73 Misc 2d 420 [on appeal to Broome County Court] and People v. Hust, 74 Misc 2d 887 [on appeal to Broome County Court]).
In Zagorsky (supra) it was held that a motion to dismiss the information should be granted if the supporting deposition has not been served the day before trial and that it would be improper to grant an adjournment for the purpose of preparing a supporting deposition. We agree.
The defendant has an absolute right under the statute to a supporting deposition before the commencement of trial when such deposition has been requested. The court’s offer of an adjournment for the purpose of furnishing the deposition cannot cure the defect. The information is, therefore, insufficient on its face.
The judgment of conviction is unanimously reversed on the law, information dismissed and fine remitted.
Concur — Hogan, P. J., Glickman and McCullough, JJ.