Richard L. Baltimore, Jr., J.
Defendant was charged by a State trooper on December 21, 1975 with a violation of section 1180-a of the Vehicle and Traffic Law. The summons was made returnable on January 6, 1976, at which time the defendant appeared and entered a plea of not guilty. The case was set down for trial on February 6, 1976. On February 6 the People were ready, but the defendant requested an adjournment to February 26. On February 26, the day of trial, for the first time, defendant made an application for a supporting deposition and requested an adjournment of the trial to March 30 on the ground that "my client is to be travelling”. As there was a possibility that the Corporation Counsel would represent the People, the case was set down for April 2. The supporting depositions were filed with the court prior to April 2, but there is no proof of service on the defendant prior to that date. A copy was served upon the defendant on April 2 in court. On April 2 the defendant refused to go to trial, but instead made an oral motion to dismiss the information, serving a memorandum of law upon the court, and upon the State trooper, immediately after he had received the deposition.
The State trooper was not represented by counsel, the Corporation Counsel and the District Attorney refusing to represent him. The court instructed counsel for the defendant to serve his memorandum of law on the Attorney-General for a reply to the motion as a question of law had been presented.
The court adjourned the matter to April 23, but the defendant’s attorney stated again that his client would be travelling and at defendant’s request the matter was adjourned to April 30. On April 30, the Attorney-General did not appear or reply. Counsel for the defendant demanded granting of his motion by default.
A State trooper is neither qualified, nor authorized to write a memorandum of law or argue questions of law.
*798 Insofar as we have been able to determine, this is a case of first impression of an interpretation of the effect of the time limit in revised CPL 100.25, which became effective September 1, 1973.
The . only three reported cases are People v De Feo (77 Misc 2d 523), on an appeal from conviction June 11, 1973 under the old section; People v Zagorsky (73 Misc 2d 420) on an appeal to Broome County Court from a series of eight cases decided March 16, 1973; and People v Hust (74 Misc 2d 887) decided July 17, 1973.
All of these cases were decided prior to the enactment of the revised CPL 100.25.
CPL 100.25 as amended reads: "2. A defendant arraigned upon a simplified information is, upon a request made before entry of a plea of guilty thereto or within thirty days of making a plea of not guilty or before commencement of a trial thereof, whichever occurs first, entitled as a matter of right to have filed with the court and served upon him a supporting deposition of the complainant police officer or public servant”.
The change in the statute is substantial in that the new section added by chapter 614 of the Laws of 1973, an amendment to subdivision 2, effective September 1, 1973, for the first time sets a limit within which the motion must be made.
The question here is what is the effect of the failure of the defendant to comply with the time limitation set forth in the statute. We hold that the failure to comply with the time limitation compels a denial of the motion to dismiss the information. The failure of the defendant to comply with the statute does not permit the defendant to take advantage of the failure of the police officer to serve a copy upon the defendant, even though he filed the deposition with the court. The defendant therefore must stand trial. The motion to dismiss is denied. Had the defendant complied with the statute and made a timely demand, his motion would have been granted on the authority of People v De Feo (supra).
The headnote to the De Feo case states (p 523) the "defendant may timely file with the clerk of the court a request that a supporting deposition” (emphasis added). De Feo is distinguishable in the following respects: the trial there took place prior to the enactment of the amendment effective September 1, 1973. There the court also held that the request must be timely made. This is in effect the ruling that this court is making in this case. In People v Hust (supra) relied upon by *799 the defendant in its memorandum of law, the charge was one of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) a misdemeanor. There the supporting deposition was timely filed and served. The question in that case was set forth by the court. "We are called upon to determine where service of a patently inadequate supporting deposition is tantamount to a failure to serve a deposition and where the consequence set forth in Zagorsky, as outlined above, should be visited upon the prosecution here.” (p 889.) There is no quarrel with that finding. Neither the facts nor the question of law in that case are similar or comparable to the facts or question of law in the instant case.
Zagorsky (supra, p 421) was a series of eight cases deciding two questions of first impression; the court stating: "Because of * * * the lack of uniformity of the local criminal courts in handling these two matters, we take occasion to write at some length on both points”. Only the second question is pertinent to this case; the court there certified the question as follows (p 423): "Does the failure to furnish a requested supporting deposition pursuant to CPL 100.25 and CPL 100.40 require dismissal of the simplified information and, if so, under what circumstances?” The court specifically stated (p 425): "Because the Criminal Procedure Law provides no time limitation for filing and serving a supporting deposition, but merely states that one must be provided upon request, we further hold, in an effort to achieve some uniformity in the practice with this county, that if the defendant has not received his deposition before the day of trial or a reasonable period before trial, a motion to dismiss made on that day should be granted. Nor would it be proper at that time to grant an adjournment for the purpose of preparing a supporting deposition”.
The procedure set forth by the court is as follows (Zagorsky, supra, p 426):
"It should be evident from the above that the best course of action once a supporting deposition is requested is:
"(1) The lower court should order the police officer to file the deposition with the court and serve a copy of the same upon the defendant.
"(2) The police officer, with or without help of the District Attorney’s office as local practice dictates, should personally prepare and file the supporting deposition with the trial court and should serve a copy of same on either the defendant or his attorney a reasonable time before the day of trial. Al *800 though such personal service is not mandated under the Criminal Procedure Law, in the absence thereof there should be proof that a copy was in fact served upon the defendant or sent to his attorney. Otherwise the risk is run that, as in three of the cases decided herewith, the information will have to be dismissed on the day of trial without regard to the merits of the People’s case.”
While not requisite for this decision the vacuum wherein a State trooper is not legally represented where questions of law are presented to a court leaves a dangerous void in the protective shield which should be safeguarding the public.
As the defendant has indicated an intent to appeal from this decision should it be adverse, the defendant shall have an opportunity to file a notice of appeal within 15 days after service of a copy of this decision, which shall also constitute the order of the court.
In the event the defendant fails to file the notice of appeal within the time limit, the case is set down for trial for June 25, 1976.