OPINION OF THE COURT
Ralph Yachnin, J.
On November 9, 1977 defendant received two traffic tickets: one for failure to obey a sign and the other for failure to have a photo on his license. On the return date, December 14, defendant pleaded not guilty and demanded a supporting deposition pursuant to CPL 100.25. For some unknown reason, defendant was told that the demand must be made in writing, and this was done by posting a letter to the central traffic part on December 27. It was received the next day, and the District *1127 Attorney was notified to supply the deposition to the defendant.
By January 26 the defendant had not received the deposition, and since the trial was scheduled for the next day, defendant brought on this motion by notice of motion returnable February 10, 1978 pursuant to CPL 100.40 (subd 2), for a dismissal of the two informations.
On January 27, the trial was reset to March 14. The District Attorney had caused the depositions to be mailed to the defendant on January 25, but defendant denies receiving it on the following day, the day the motion was served.
Defendant contends that since it made its demand within 30 days from the plea of "Not Guilty”, and the deposition was not received by the day before the trial date, the matter should be dismissed. On the other hand, the People contend two novel approaches in their answer:
(1) That since the simplified trafile information set forth the specific acts and occurrences that underlie the offense, the informations are in effect de facto supporting depositions, and the failure on the part of the People to supply them does not render the defect to be fatal; and
(2) That the movant, by making his motion returnable for February 10 and by acquiescing in the rest of the trial date, waived the right to a supporting deposition as of the first trial date, to wit: January 27.
The People’s argument in their first contention is defective on two grounds. The first is that CPL 100.25 (subd 2) mandates that the defendant is entitled to a suporting deposition. The simplified traffic information is at best an affirmation. While the distinction may be minute, the statute is criminal in nature and must be adhered to strictly. But more important, the same section specifically states that the defendant who is arraigned on a simplified traffic information is entitled to a supporting deposition "as a matter of right.” Further, it leaves the court no discretion as to whether to order the police officer to supply it or not, for the statute specifically commands: "the court must order the complainant police officer * * * to file such a supporting deposition with the court and to serve a copy thereof upon the defendant.” Perhaps it is set forth best in People v Zagorsky (73 Misc 2d 420, 425): "Because a defendant is entitled to a supporting deposition as a matter of right, failure to provide one cannot be looked upon as a mere technical defect and it would be improper for the *1128 trial court to make a determination that, in a particular case, the defendant did not really need a deposition and deny the motion to dismiss upon that ground.” Also to the same effect are People v De Feo, (77 Misc 2d 523) and People v Key (87 Misc 2d 262.)
As to the second contention of the People, the court finds this to be without merit. CPL 170.30 (subd 2) requires a motion for the dismissal of an information to be made prior to the entry of a plea of guilty or the commencement of trial. The query then must be: How is it to be made, orally or by a formal notice of motion? It has been answered just recently in People v Palotta (NYLJ Dec. 16, 1977, p 12, col 6) wherein the court affirmed a judgment of conviction and noted that: "It was incumbent upon him [the defendant] to bring a written motion with notice to the People, before the commencement of trial, to dismiss the simplified traffic information by reason of the non-service of the supporting deposition.”
However, the People contend that the defendant waived the right to have the deposition served upon him prior to the first trial date by making the motion returnable after that trial date.
What else could the defendant do? To make the motion well before a day or so before the trial day, would have caused the motion to be deemed premature. The defendant is not entitled to the deposition prior to "a reasonable time before trial” (People v Hust, 74 Misc 2d 887, 888), or as stated in Zagorsky the defendant is entitled to the deposition before the day of trial or a reasonable period before trial.
Bearing in mind the aforesaid limitation, the defendant, to act within its meaning, must serve the notice of motion no more than a few days before trial. Since, even with hand delivery of the motion, there must be a period of eight days that elapses from the service to the return date, the defendant has no alternative but to make the motion returnable after the trial date.
It seems that if the People’s contention is to be followed there exists here what has come to be known as a "Catch-22” situation. There is no possible avenue for the defendant to take without coming under the objection of the People’s position. If the motion is not made before the trial date, it is violative of CPL 170.30 (subd 2). If it is made well before the trial date it is in violation of Hust and Zagorsky, and if it is made, as it was, shortly before the trial date and on written *1129 notice of motion, the People contend that the requirement of furnishing the deposition before the trial date has been waived. This cannot be. The defendant brought the motion on at the right time and the adjournment of the trial must be deemed to have been only for the purpose of deciding the motion, for surely there could be no other reason.
The motion is accordingly granted and the informations are dismissed.