OPINION OF THE COURT
Sholom B. Koplovitz, J.
The defendant herein, Sharon A. Quinn, was issued a simplified trafile information on the 17th day of April, 1979 by Officer Kenneth Enfield of the Cohoes Police Department for violation of section 1111 (subd [d], par 1) of the Vehicle and Traffic Law of the State of New York, passed red light. She entered a plea of not guilty and requested that the "department” furnish (her with) a supporting deposition. Thereafter, Officer Enfield delivered a paper purporting to be such deposition to the defendant. A motion was then made by the *583 attorney for the defendant to dismiss the "red light” charge because the "paper” purporting to be a supporting deposition was "legally insufficient”.
Defendant argues that: 1. CPL 100.20 defines a supporting deposition as a "written instrument * * * subscribed and verified by a person other than the complainant”. 2. The complainant, himself, signed and subscribed the written instrument and, because of this, what she received was something other than what she requested. 3. Because she demanded a supporting deposition and was not furnished with one, the charge against her should be dismissed, since failure to serve an adequate supporting deposition is tantamount to a failure to serve any deposition at all. (People v Hust, 74 Misc 2d 887; People v Zagorsky, 73 Misc 2d 420; People v De Feo, 77 Misc 2d 523.)
The tight and logical argument of the defendant has been responded to by the Corporation Counsel of the City of Cohoes who cites the provisions of the very next CPL section; i.e., CPL 100.25. That section provides that the defendant is "entitled as a matter of right * * * to have * * * served upon [her] a supporting deposition of the police officer complainant, containing allegations of fact”. The Corporation Counsel contends that the defendant asked for and received a supporting deposition.
The defendant believes that there is a conflict between these two CPL sections; that both sections (being criminal sections) must be strictly construed, and that the charges against her must be dismissed.
This court does not feel that there is any conflict between CPL 100.20 and 100.25 as each section refers to a different supporting deposition.
The first of these sections refers to depositions prepared by a person other than the police officer, who may have, for example, witnessed a "red light” violation. The second of these sections refers to depositions prepared by the police officer to clarify his complaint. Both are supporting depositions. This defendant requested a supporting deposition and was furnished a supporting deposition in accordance with the provisions under CPL 100.25. If a witness other than the police officer had subscribed and verified a written instrument, the Corporation Counsel would have furnished the defendant with a copy of that deposition, as well.
To decide otherwise would skyrocket the cost of municipal *584 and State enforcement by requiring two police officers in every patrol car or a civilian witness to be at the scene of every vehicular arrest, willing and available to subscribe and verify a deposition. Further, to decide otherwise would give every driver who sighted a "lone” police officer an additional license to violate the Vehicle and Traffic Law without penalty, having to deal only with the inconvenience and embarrassment of a side-of-the-road reprimand.
The defendant’s motion accordingly is denied.