OPINION OF THE COURT
Anthony Corso, J.
The defendant, charged with violating several sections of the Vehicle and Traffic Law, as well as an offense under the Penal Law, moves to dismiss those accusatory instruments in which he is charged with violations of Vehicle and Traffic Law § 511 (2) (a); §§ 1102, 1111 (d) (1), (2) (a); § 1163 (b), (d); § 1172 (a); § 1180 (b) and § 1190. He asserts the instruments containing these charges are simplified traffic informations which are *1033 defective for failure to meet the sufficiency requirements of CPL 100.40 (2) in that he has not been furnished with a supporting deposition despite his timely request (see, CPL 170.30 [1] [a]; 170.35 [1] [a]).
The accusatory instruments are in the "Complaint/Information” from which the Appellate Term for the Ninth and Tenth Judicial Districts has held may be treated as a simplified traffic information (see, People v Williams, NYLJ, Nov. 13, 1985, at 15, col 4; People v Corn, NYLJ, Nov. 13, 1985, at 15, cols 3, 4; but see, 15 NYCRR 91.7 [b], n 3; People v Hauptman, NYLJ, Apr. 27, 1982, at 13, col 1 [App Term, 9th & 10th Judicial Dists]; People v Farley, 129 Misc 2d 925). The operative language is "may be treated”, for elsewhere the same Appellate Term has explicitly adopted a flexible approach in the evaluation of the sufficiency of accusatory instruments, ruling that "[t]he character of an accusatory instrument is to be ascertained from the content and not from its title” (People v Fried, NYLJ, May 18, 1988, at 15, col 3).
All the accusatory instruments under review are simplified traffic informations (see, People v Corn, supra; People Williams, supra). As noted earlier, the defendant avers that these instruments are insufficient because he was not served in timely manner with a supporting deposition from the complainant police officer, despite the demand for one which he made at the arraignment.
This failure, he asserts, renders the simplified informations insufficient. Although the simplified informations do contain verified factual allegations by the complainant officer, the defendant takes the position that even if these allegations would otherwise satisfy the criteria for supporting depositions (see, CPL 100.25 [2]; 100.30), their presence on the simplified informations is inadequate, and that the allegations must be redrafted on a separate paper, reverified and sent to him. Without observance of these formalities, he concludes, the allegations in the instruments are nullities and the accusatory instruments must be dismissed as defective.
The defendant’s initial premise, that failure to furnish a supporting deposition upon a defense demand of itself renders a simplified information insufficient, is without merit. Insufficiency, as this term applies to simplified informations, is defined in CPL 100.40 (2), not in CPL 100.25 (2) as the defendant implies. The definition of insufficiency is written in terms of the failure to comply with a court order, not the *1034 failure to comply with a defense demand. Consequently, an information cannot be insufficient until after an order has been issued by the court. No order having been issued, the informations are not insufficient and the motion to dismiss is denied.
The court observes that at least one jurisdiction has ruled that even if a court order directing the complainant to file a supporting deposition is not issued, the simplified information must be dismissed, presumably for insufficiency, upon motion of the defendant made on the day of trial (People v Zagorsky, 73 Misc 2d 420, 425). Zagorsky, decided before a 1985 amendment to CPL 100.25 (2), vindicated the right of a defendant to know not just the charge against him, but some facts underlying that charge, thereby assuring him of the ability to prepare his defense. Zagorsky imposed a mandatory dismissal rule because the court must order the complainant to file a supporting deposition and, more significantly, because CPL 100.25, as then drafted, did not contain a time limitation for filing and serving the deposition.
The rationale of the Zagorsky court (supra) is unpersuasive here for two reasons. First, as already observed, in CPL 100.40 (2) the Legislature defines insufficiency as the failure to comply with a court order. To dismiss when no court order has ever been issued, contrary to the statutory language, would be to rewrite the law, with the court arrogating to itself the powers of the Legislature. Second, the 1985 amendment to CPL 100.25 (2) inserted time limitations within which the deposition was to be furnished and filed. Until these limitations were added, a court was precluded from fashioning any relief for a defendant seeking the deposition ahead of the trial day, because no statutory obligation existed to furnish the deposition before that point even if a court order had been issued, although case law suggested it had to be furnished a reasonable time before trial (see, People v Mercurio, 93 Misc 2d 1126). Dismissal was one of the few methods of giving meaning to a defendant’s right to a supporting deposition in time to prepare his defense when the deposition was not furnished prior to the trial day. With the 1985 amendment to CPL 100.25 (2) (L 1985, ch 225, § 1), when the deposition is not served within 30 days of the demand, or within five days before trial, if sooner, and an order has been issued, the court may now grant relief to the defendant before the time of trial. Upon expiration of the applicable period, the deposition is late and the defendant’s right to it can be vindicated regardless of *1035 the date set for trial. For example, the failure to furnish the deposition in timely manner would appear to be a "defect or irregularity * * * of a kind that may be cured by amendment * * * where the people move to so amend” (CPL 170.35 [1] [a]; see, Preiser, 1985 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, 1989 Pocket Part, at 10-11), at least when the period for furnishing it expires well before the trial day.
While the Appellate Term for the Second Department cited Zagorsky (supra) in ruling that a simplified traffic information must be dismissed if a supporting deposition is not served before trial (People v De Feo, 77 Misc 2d 523, 524), De Feo also predated the 1985 amendment to CPL 100.25 (2), and the report of the case reflects that at the lower court level the trial itself had actually begun and the complainant officer had already testified before any effort was made to furnish the deposition. In addition, the Appellate Term did not indicate whether the lower court had ever issued an order, and subsequent cases do not clarify the point (see, People v Baron, 107 Misc 2d 59, 60).
Even if the failure to furnish a deposition continues to mandate dismissal, however, the verified allegations of the complainant appearing on the accusatory instruments sub judice satisfy the criteria for supporting depositions. As the defendant notes, early case law reflected that the providing of a supporting deposition before a request was made would not obviate the People’s duty to furnish one upon request, even if the voluntarily furnished deposition met the requirements of CPL 100.25 (2) (see, People v Mercurio, 93 Misc 2d 1126, supra). However the Court Appeals thereafter modified this principle by ruling that a deposition voluntarily furnished is acceptable if it meets the requirements of CPL 100.25 (2) (People v Key, 45 NY2d 111, 115-116). These requirements are not as stringent as those for "long form” informations which, taken together, must contain "[n]on-hearsay allegations * * * establishing], if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]). The supporting deposition of a complainant under CPL 100.25 need only provide reasonable cause to believe the defendant committed each necessary element of the charged offense (People v Baron, 107 Misc 2d 59, 60, supra; People v Hust, 74 Misc 2d 887, 890). Reasonable cause exists "when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasive *1036 ness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely [that the defendant committed the charged offenses]” (CPL 70.10 [2]). Because the verified allegations contained in the simplified informations meet these criteria for reasonable cause, the supporting deposition requirement has been satisfied. Requiring another deposition upon request, on penalty of dismissal, would elevate form over substance. Such slavish adherence to form would be at odds with the opinions of the Appellate Term supporting the adoption of a flexible approach to the evaluation of accusatory instruments (see, People v Fried, NYLJ, May 18, 1988, at 15, col 3, supra), for supporting depositions are parts of these instruments.
Accordingly, the motion to dismiss is denied.