OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law, fine remitted and matter dismissed.
*773 The instant case is illustrative of the problems which can arise in our computer age.
On Saturday, July 23, 1994, a police officer issued defendant a parking ticket with a hand-held computer. On Monday, July 25, the data which appeared on the face of the ticket was transmitted to the computer of the court below. Although the Bench was not itself currently equipped with a computer terminal, the data appearing on the face of the ticket remained at all times available for printout in the clerk’s office.
Defendant pleaded guilty but not before making an unsuccessful, oral motion to dismiss his parking ticket for lack of jurisdiction. His motion, as observed by the court below in its written decision denying the same, raises two topical queries. Was the presence of the data in the court’s computer by reason of the issuing officer’s input of the same on July 25, 1994, the equivalent of a filing with the court? And if so, did what was filed constitute an accusatory instrument for the purpose of commencing a criminal action?
We are of the view that under the present status of the law, neither query warrants an affirmative answer. The transmission of data to the computer of the court below did not in any event constitute the filing of an accusatory instrument, particularly in the absence of a verified, written accusation (see, CPL 1.20 [4]; 150.50 [1]). The parking summons, moreover, was akin to an appearance ticket rather than an accusatory instrument (CPL 1.20 [1]; 100.05, 150.10, 150.50), and the filing of an accusatory instrument was necessary for the court below to acquire jurisdiction (People v Weinberg, 146 Misc 2d 441). Defendant’s motion to dismiss, therefore, should have been granted.
Di Paola, P. J., Collins and Ingrassia, JJ., concur.