OPINION OF THE COURT
Beth P. Smith, J.
On July 25, 1995, the defendant was issued two parking tickets, charging him with a violation of Great Neck Village Ordinance § 2.3 (c), "parking in a restricted area” (ticket No. A 135303), and with a violation of Vehicle and Traffic Law § 306 (b) (parked), for an "expired inspection certificate” (ticket No. A 135304). On or about September 6, 1995, the defendant entered a plea of "not guilty” and the matters were set down for trial. On September 19,1995, the defendant appeared before the court, and purportedly made an oral motion to dismiss both tickets, for lack of jurisdiction. The defendant claims he was instructed by the court then sitting that the motion was to be made by written application. Seventeen months passed, with no further communication from the defendant. On or about March 7, 1997, the Court Clerk notified the defendant that his cases would appear on the Trial Calendar on March 26, 1997.
The defendant, an attorney, has now filed a pro se motion before this court seeking dismissal of both parking tickets on the following three grounds: for lack of jurisdiction; for failure to receive a supporting deposition pursuant to GPL 100.20; and that his right to a speedy trial pursuant to CPL 30.30 and 30.20 has been violated. The People have filed an affirmation *802 in opposition, dated March 24, 1997, arguing that the statutory-sections of the Criminal Procedure Law cited by the defendant in his moving papers are not applicable to the case at bar.
In support of the first branch of his motion, the defendant cites People v Weinberg (146 Misc 2d 441 [App Term, 2d Dept 1990]) and People v Gilberg (166 Misc 2d 772 [App Term, 2d Dept 1995]), which held that the parking summonses in those cases were similar to desk appearance tickets, which did not confer jurisdiction over the respective defendants, absent the filing of an accusatory instrument. This court holds, however, that Weinberg and Gilberg (supra) are not dispositive, and are distinguishable from the instant case. In the Gilberg case, the parking summons was generated by the police officer’s hand-held computer, and the information on the face of the ticket was electronically transmitted to the court below. The parking ticket was therefore neither a written instrument nor was it verified, hence, the need for an accusatory instrument in order for the court to acquire jurisdiction. The parking summons at issue in the Weinberg case was held to be akin to a desk appearance ticket, which requires the filing of an accusatory instrument in accordance with CPL 150.10 and 150.20. The two parking tickets received by the defendant at bar, however, are signed and verified by the issuing officer; each instrument contains both an accusatory and a factual part; and each instrument substantially conforms to the requirements set forth in CPL 100.15 (1) and 100.40. Thus, they constitute valid accusatory instruments, thereby conferring jurisdiction over this defendant.
Additionally, the appropriate analysis for the case at bar is set forth in the Practice Commentaries to Vehicle and Traffic Law § 238, by Joseph R. Carrier (McKinney’s Cons Laws of NY, Book 62A, at 149), which explicate the due process and jurisdictional requirements for initiating a prosecution for parking violations. Specifically, in Matter of Wheels, Inc. v Parking Violations Bur. (80 NY2d 1014 [1992]), the Court of Appeals amplified its decision in Matter of Ryder Truck Rental v Parking Violations Bur. (62 NY2d 667), by holding that the five mandatory identification elements set forth in Ryder, which may not be omitted from a parking summons if it is to survive a jurisdictional challenge and avoid dismissal, may also not be misdescribed. The mandatory five elements are: "[1] plate designation * * * [2] plate type * * * [3] expiration date [of registration]; [4] the make or model [of the vehicle;] and [5] body type of said vehicle”. (Matter of Ryder Truck Rental v Parking Violations Bur., supra, at 668.)
*803 In the instant case, the officer issuing the tickets has inscribed them with the five mandatory identification elements. Therefore, the defendant’s claim that they are jurisdictionally defective has no merit. In addition, the notice provision of Vehicle and Traffic Law § 238 (2) requires that the summons have a designated place for the name of the operator of the vehicle if personal service is effected, or for the owner of the vehicle, if conspicuous place service is effected. (Matter of Adams v City of Buffalo Parking Violations Bur., 161 Misc 2d 683 [Sup Ct, Erie County 1994].) In the case at bar, the summonses were affixed to the defendant’s vehicle, and each one provided a space for the name of the owner or operator. Furthermore, the officer signed each summons and affirmed under penalty of perjury that the infractions described therein were committed in the Village of Great Neck. Therefore, the first branch of the defendant’s motion is denied herein.
The second branch of defendant’s motion seeks dismissal of the parking tickets for failure to receive a supporting deposition pursuant to CPL 100.20, which states in relevant part: "A supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint” (emphasis added).
The defendant also relies on People v Aucello (146 Misc 2d 417 [App Term, 2d Dept 1990]), which held that failure to supply a supporting deposition within the time prescribed by CPL 100.25 rendered the simplified traffic information insufficient on its face. The requirements with respect to supporting depositions are not applicable to summonses issued for parking infractions, since they do not fall within the definitional ambit of CPL 100.20 and 100.25. Thus, the defendant is not entitled to a supporting deposition and the second branch of his motion is denied herein.
In support of the third branch of his motion, the defendant cites People v Brisotti (169 Misc 2d 672 [App Term, 1st Dept 1996]), which held that the speedy trial provisions of CPL 30.30 are triggered when a defendant, charged with a crime, first appears in court in response to a desk appearance ticket. The defendant’s reliance on Brisotti is misplaced. Here, he was issued two parking summonses, each containing an accusatory part and a factual part, which, as noted above, satisfy the requirements of CPL 150.10 and 150.20. Unlike a desk appearance ticket, use of such a summons does not require the additional filing of an information or a misdemeanor complaint. *804 Moreover, the violation of a parking ordinance is a traffic infraction which "is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment” (Vehicle and Traffic Law § 155). The Penal Law expressly excludes traffic infractions from its definition of a violation, and thus the time limitations enumerated in the speedy trial statute do not apply. (Penal Law § 10.00 [2], [3]; People v Albright, NYLJ, Dec. 6, 1991, at 30, col 5; People v Brown, NYLJ, Apr. 18, 1984, at 12, col 5 [App Term, 2d Dept]; People v Zagorsky, 73 Misc 2d 420 [Broome County Ct 1973]; People v Fisher, 167 Misc 2d 850 [Crim Ct, Richmond County].)
Here, the defendant was charged with two parking infractions, and the right to a speedy trial does not attach, except for those traffic offenses which are classified as misdemeanors. (People v Solomon, 124 Misc 2d 33 [Nassau Dist Ct 1984].) Therefore, the defendant’s statutory right to a speedy trial has not been abridged.
Additionally, the law is well settled that a defendant’s constitutional right to a speedy trial, guaranteed by the 6th and 14th Amendments of the US Constitution, is not time specific, but is measured by the length of time between the commencement of the action and the commencement of the trial, considering the relevant facts of the case. In People v Taranovich (37 NY2d 442 [1975]), the Court of Appeals set forth five factors to ascertain if a defendant’s constitutional rights have been denied: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (Supra, at 445.)
In the instant matter, the defendant avers that between September 19, 1995 and March 5, 1997 he believed that one of the tickets had been dismissed sua sponte. The records contained in the office of the Village Clerk do not memorialize the defendant’s recollection and do not support this claim, and both tickets remain outstanding. It appears to this court that the extent and the reason for the delay (a hiatus of 17 months) was due to the defendant’s own conduct in neglecting to make the proper motions on written application, which frustrated the expeditious resolution of these matters. In addition, the underlying charges are not crimes; the defendant’s liberty has never been in issue; and most critically, the defendant has not made the requisite showing that he has been prejudiced by the *805 delay. Thus, the third branch of the defendant’s motion to dismiss the parking summonses on statutory and/or constitutional speedy trial grounds is denied herein.
From a public policy standpoint, the parking summons is designed to provide a mechanism for adjudicating large volumes of traffic infractions as expeditiously as possible. While article 32 of the Vehicle and Traffic Law regulates the stopping, standing and parking of vehicles in New York State, the Municipal Home Rule Law and the Vehicle and Traffic Law authorize towns and villages to enact local laws, ordinances, orders and rules to regulate its parking on municipal streets. (Municipal Home Rule Law § 10 [1] [ii] [a]; Vehicle and Traffic Law §§ 1640, 1660.) In addition, a village may create a summons of its own design for violations of parking regulations (1988 Atty Gen [Inf Opns] 102), and its parking tickets need not comply with the uniform traffic summons (22 Opns St Comp, 1967, at 562). The parking summonses utilized and issued by the code enforcement officers in the Incorporated Village of Great Neck comply with the applicable statutory and case law cited herein.
In sum, this court finds that the defendant has been fully accorded his rights of due process, and each summons contains all the elements required to confer personal and subject matter jurisdiction.
Based upon all of the foregoing, the Court Clerk is directed to place this matter on the Trial Calendar with prior written notification to the defendant.