OPINION OF THE COURT
Leonard G. Tilney, Jr., J.
Procedural Posture
The defendant was issued a simplified traffic information along with the supporting deposition for violation of section 1128 (a) of the Vehicle and Traffic Law on July 29, 2015 by Niagara County Sheriff Deputy Julie Kratz for an offense occurring on July 11, 2015. The defendant, after very many appearances of counsel, requested a non-jury trial which was initially scheduled for January 27, 2016. The initial trial date was scheduled far enough ahead to allow both counsel to fully investigate the underlying facts and to have witnesses available who were recovering from serious physical injuries. On January 27, 2016, the matter was again adjourned on consent of both counsel to April 27, 2016. At that time the People were not prepared for the trial because their key independent civilian witness, Augustin Guley, was not in attendance and two other parties were advised by the Town Prosecutor not to attend because of their injuries which still rendered them incapacitated. Accordingly, no trial could be had. The People requested an adjournment to serve Mr. Guley personally with a subpoena.
*422 Defense counsel was also present along with his own witnesses and prepared to go to trial. He opposed the adjournment request of the People and moved for a dismissal for failure to prosecute and for CPL 30.20 and 30.30 reasons.
Facts
The court had no testimonial facts before it but for purposes of this decision only notes that the uniform traffic ticket did contain “S.P.I.” which meant there was an accident with serious physical injuries. The defendant was given a ticket for moving from one lane unsafely and presumably striking a motorcycle forcing the same into two other stopped vehicles resulting in serious physical injuries to the operator and passenger on the motorcycle.
A. Jurisdiction
The court must always first find it has jurisdiction over the subject matter and that the accusatory instrument is sufficient on its face, which in this case is the underlying simplified traffic information as augmented by the supporting deposition.
The simplified traffic information must only comply with the requirements of the Commissioner of Motor Vehicles to be sufficient (CPL 1.20 [5]; 100.10 [2] [a]). However, because of the sparseness of a simplified traffic information, a supporting deposition generally is necessary to render the accusatory instrument legally sufficient, and thus give the court adjudicatory jurisdiction over the defendant. (People v Beattie, 80 NY2d 840, 841 [1992]; People v Shapiro, 61 NY2d 880 [1984]; People v Rossi, 154 Misc 2d 616, 618 [1992].) Hence, a supporting deposition must set forth enough evidentiary facts “in a plain and concise manner” to provide reasonable cause to believe that the defendant committed all of the necessary elements of the offense charged, failing which it must be rejected and the case dismissed. (People v Hust, 74 Misc 2d 887, 890 [1973]; People v Schuttinger, 143 Misc 2d 1032, 1035 [1989]; People v Cohen, 131 Misc 2d 898, 900 [1986]; see also People v Key, 87 Misc 2d 262, 267 [App Term, 2d Dept, 9th & 10th Jud Dists 1976], affd, 45 NY2d 111 [1978].)
But while CPL 100.25 and 100.40 provisions state the general rules, they do not provide the court with easily applicable guidance as to what amount and kind of evidentiary facts are sufficient to provide such reasonable cause, i.e., how detailed the supporting deposition must be. Rather, what constitutes a sufficient deposition will vary from case to case. *423 All that can be said as a general rule is that, to be sufficient, a supporting deposition must contain enough facts to allege all of the prerequisites of the offense specified in the statute, but only that. In other words, a supporting deposition need say what the People must prove, not how they will prove it. Likewise, a supporting deposition need not state all the evidentiary facts available to the deponent, but rather only enough facts to provide reasonable cause to believe that the statute was violated by the defendant, leaving for trial the question whether the People will be able to prove that. (People v Ortiz, 146 Misc 2d 594, 596 [1990]; see also People v Miles, 64 NY2d 731, 732-733 [1984].) The statement in the supporting deposition suffices to tell the defendant enough to show what he supposedly did and where. The supporting deposition need not detail the People’s case, but rather (as noted above) must merely state enough to make out a prima facie case, i.e., to specify the necessary elements of the offense, giving the defendant “fair notice of the nature of the charges against him” (People v Keindl, 68 NY2d 410, 416 [1986]; Matter of Rey R., 188 AD2d 473, 474 [1992]). The supporting deposition here does so.
B. CPL 30.20 and 30.30
i. CPL 30.20
This court holds that the defendant’s constitutional speedy trial rights (CPL 30.20) were not violated. People v Taranovich (37 NY2d 442 [1975]) requires the following factors to be considered by this court:
1. The extent of the delay.
2. The reason for the delay.
3. The nature for the underlying charge.
4. Whether or not there has been an extended period of pretrial incarceration.
5. Whether or not there is any indication that the defense has been impaired by the delay.
As a general rule, each factor must be satisfied in order for the criminal action to be dismissed. (People v Lee, 207 AD2d 415 [2d Dept 1994].) Not all factors are present here and the chargeable delay, if any, does not reach the constitutional proportion for dismissal.
ii. CPL 30.30
A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court. *424 (People v Osgood, 52 NY2d 37 [1980].) If more than one accusatory instrument is filed in the course of an action, the time commences when the first of such instruments is filed. (CPL 1.20 [17].) The speedy trial clock begins ticking the day following the commencement of the criminal action. (People v Stiles, 70 NY2d 765 [1987].) The only major exception to this rule is when an appearance ticket is issued because an appearance ticket is not an accusatory instrument, and the clock starts when the defendant first appears in a local criminal court in response to the ticket. (CPL 30.30 [5] [b]; People v Parris, 79 NY2d 69 [1992].) This appears to be the case whether or not the instrument has been filed. (People v Stirrup, 91 NY2d 434 [1998].) Defendant is charged with a traffic infraction which “is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment” (Vehicle and Traffic Law § 155). The Penal Law likewise excludes this type of traffic infraction from its definition of a violation (Penal Law § 10.00 [3]). Accordingly, CPL 30.30 does not apply to this traffic offense (People v Zagorsky, 73 Misc 2d 420 [Broome County Ct 1973]; People v Pilewski, 173 Misc 2d 800 [1997]).
C. Dismissal for Failure to Prosecute
The Court of Appeals has indicated that this court may not dismiss a criminal matter for failure to prosecute (People v Douglass, 60 NY2d 194 [1983]). This court is limited to dismissal by section 170.30 of the Criminal Procedure Law. Douglass indicates that unless the reason is itemized under section 170.30 the court does not have the authority to dismiss but must put the case on its reserve calendar. The issue before the court is then, does People v Douglass apply to vehicle and traffic violations? The court has found no cases for an exception to the Douglass rule. Accordingly, the court must transfer this case to its reserve calendar. The court acknowledges that this puts the defendant in the untenable position of not being able to move at a later date for dismissal under CPL 170.30 as those sections do not apply in this matter with the exception of an interest of justice argument (CPL 170.30 [1] [g]; People v Miller, 41 Misc 3d 1217[A], 2013 NY Slip Op 51715[U] [2013]). This court does not deem this matter to reach the criteria of that statute for dismissal and agrees with Justice Joseph DiSalvo in his Miller decision that this procedure “does not shock the conscience.” (Miller, 2013 NY Slip Op 51715[U], *3.) Thus the defendant’s case will remain in limbo pending the People’s motion to restore it to the trial calendar.
*425 D. Restoration to Court’s Calendar
Should the People elect to make a written motion to restore this case to the court’s trial calendar “good cause” must be shown. (See this court’s decision in People v Podsadowski, 48 Misc 3d 1202[A], 2015 NY Slip Op 50935[U], *2 [2015].)